# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                                  |   |                     |
|----------------------------------|---|---------------------|
| NICOLE STALLWORTH,               | ) |                     |
|                                  | ) |                     |
| Plaintiff,                       | ) |                     |
|                                  | ) |                     |
| v.                               | ) | No. 17-cv-10405-DJC |
|                                  | ) |                     |
| JAMES SKERRITT, DAVID SHULKIN    | ) |                     |
| and ERIC SHEEHAN,                | ) |                     |
|                                  | ) |                     |
| Defendants.                      | ) |                     |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                December 14, 2017

## I.  Introduction

Plaintiff Nicole Stallworth brings suit against Defendants James Skerritt, David Shulkin and Eric Sheehan based on events that occurred during her employment with the United States Department of Veterans Affairs ("VA"). D. 4. Stallworth's complaint includes a claim for sexual harassment and sexual battery under Title VII against Shulkin and Skerrett (Count 1), a claim for retaliation under Title VII against Shulkin and Sheehan (Count 2), a claim for race discrimination under Section 1981 against Shulkin and Skerrett (Count 3), and claims under state law for intentional infliction of emotional distress, false imprisonment, and assault and battery against Skerrett (Count 5). D. 4 at 6-8.[1]  Shulkin and Sheehan move to dismiss Count 1, Count 2, and

---

[1] Stallworth voluntarily dismissed Count 4 and Count 5 as against Sheehan and Shulkin. D. 26.

1

Count 3 against them. D. 27. For the foregoing reasons, the Defendants' motion, D. 27, is ALLOWED in part and DENIED in part.

## II.     Standard of Review

In evaluating a motion to dismiss, "non-conclusory factual allegations in the complaint must [] be treated as true." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The Court is required to "view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Id. at 17.

## III.    Factual Background

The following allegations are taken from the complaint, D. 4, and, for the purposes of considering the motion to dismiss, the Court treats them as true. Stallworth began working for the VA in its campus at Brockton, Massachusetts, in June 2012. D. 4 ¶ 8. Stallworth's direct supervisor was Skerrett. D. 4 ¶ 11. During Stallworth's employment, Stallworth and Skerrett were the only two black employees working for the VA in Brockton. D. 4 ¶ 12. Stallworth was 27 years old and Skerrett was 60 years old during relevant period. D. 4 ¶¶ 6, 12.

In November 2013, Skerrett made a sexually harassing comment to Stallworth about cooking dinner for Stallworth. D. 4 ¶ 15. Stallworth responded that the comment was inappropriate from a married man and that Stallworth was not interested in Skerrett. D. 4 ¶ 15. Skerrett continued to make sexually harassing comments to Stallworth and Stallworth would continue to reject his advances. D. 4 ¶ 18. Skerrett's comments became more sexually explicit over time. D. 4 ¶ 19.

In January 2014, Skerrett restrained Stallworth inside a small file room and attempted to kiss her without her consent. D. 4 ¶ 20. This happened again on three other occasions between January 2014 and March 2014. D. 4 ¶ 21. Other female coworkers expressed to Stallworth that Skerrett was "dangerous" and known to attempt to trap women inside the file room. D. 4 ¶ 24. In

February 2014, Stallworth filed an application to transfer to a different department, but her request to transfer was ignored. D. 4 ¶ 25.

On or about March 12, 2014, Skerrett grabbed Stallworth's vagina as Stallworth was exiting the file room. D. 4 ¶ 27. After this incident, Stallworth stopped attending work. D. 4 ¶ 30. In April 2014, Stallworth reported the incident to police from the VA. D. 4 ¶ 34. Detective Joy from the VA police interviewed Stallworth regarding the incident. D. 4 ¶ 35. During that interview, which was also attended by a local union representative, Stallworth asked Joy whether there was anywhere else that Stallworth should report the incident. D. 4 ¶ 37. Both Joy and the union representative said that Stallworth did not need to report the incident anywhere else. D. 4 ¶ 37. Stallworth also contacted Eric Sheehan, who was then the Chief Financial Officer of the Brockton campus of the VA, D. 4 ¶¶ 4, 39, and James Tavares, who was an officer at the Brockton campus of the VA whose responsibilities included handling cases of employee misconduct, to inform them that she would not return to work because she did not feel safe around Skerrett. D. 4 ¶ 39. Stallworth asked Tavares whether there was anywhere else that she needed to report the assault and Tavares responded that she could talk to the "employee assistance program," without mentioning the Office of Resolution Management ("ORM") at the VA. D. 4 ¶ 40. Sheehan also did not mention the ORM in his communications with Stallworth. D. 4 ¶ 41.

In May 2014, Sheehan informed Stallworth that she would be considered "absent without leave" if she did not return to work. D. 4 ¶ 43. Stallworth attempted to return to work, but experienced a panic attack and symptoms of post-traumatic stress disorder when she was in the office. D. 4 ¶ 44. Stallworth was terminated in September 2014. D. 4 ¶ 45. Stallworth did not learn that she had the option of contacting a counselor from the Equal Employment Opportunity Commission ("EEOC") regarding her experience until April 2016. D. 4 ¶ 47.

Shulkin has been the United States Secretary for Veterans Affairs since February 13, 2017. D. 4 ¶ 2. He was preceded by Acting Secretary Robert Snyder. D. 4 ¶ 2.

## IV. Procedural History

Stallworth filed a complaint on March 11, 2017. D. 1. She then filed an amended complaint on June 13, 2017. D. 4. Defendants Shulkin and Sheehan filed a motion to dismiss on September 14, 2017. D. 27. The Court heard argument on the motion on December 12, 2017, D. 45, and took the motion under advisement.

## V. Discussion

### A. Sexual Harassment Title VII Claim (Count 1)

The Defendants contend that Stallworth failed to initiate contact with an Equal Employment Opportunity ("EEO") counselor within forty-five days of the alleged harassment and that her claim is thus precluded. D. 28 at 4. See Green v. Brennan, 136 S. Ct. 1769, 1774 (2015) ("[b]efore a federal civil servant can sue [her] employer for violating Title VII, [s]he must, among other things, 'initiate contact' with an [EEO] counselor at [her] agency 'within 45 days of the date of the matter alleged to be discriminatory'" (quoting 29 C.F.R. § 1614.105(a)(1) (2015)). The Defendants argue that Stallworth did not initiate contact with an EEO counselor until 2016, more than two years after the allegedly discriminatory conduct. D. 28 at 5.

Stallworth first responds that her claim should be equitably tolled by the Court. D. 33 at 4. She contends that because various people at the VA told her that she need not take any other action to report the misconduct and did not tell her that she should contact an EEO counselor, equitably tolling is justified. D. 33 at 5.

In Kale v. Combined Ins. Co. of Am., 861 F.2d 746 (1st Cir. 1988), the First Circuit opined on the application of equitable tolling to an analogous time bar in a case involving the Age Discrimination in Employment Act ("ADEA"). The court explained that equitable tolling may

apply where the plaintiff's ignorance of the filing deadline was "caused either by misconduct of an employer or by failure of that employer to conspicuously post the informational EEOC notices required by the ADEA." Id. at 752. A district court should "initially determine whether the plaintiff had either actual or constructive knowledge of [her] rights," where actual knowledge exists even where a plaintiff is "only generally aware of the fact that there is a statute outlawing age discrimination and providing relief therefor" and constructive knowledge exists where "an employer has fulfilled his statutory duty by conspicuously posting the official EEOC notices that are designed to inform employees of their ADEA rights." Id. at 753. If the plaintiff had actual or constructive knowledge of her rights, then the plaintiff does not qualify for equitable tolling based on excusable ignorance of the filing deadline. Id. If the plaintiff did not have actual or constructive knowledge of her rights, the district court should then assess whether the plaintiff is otherwise entitled to equitable tolling by examining whether the plaintiff "diligently pursue[d] [her] claim," whether the plaintiff's "ignorance of [her] rights [was] reasonable under the circumstances," whether the government still had the opportunity to "conciliate while the complaint is fresh," and whether delay would prejudice the defendant. Id.

The Defendants contend that Stallworth had actual and constructive notice of the filing deadline. D. 38 at 3. In support of this contention, they rely upon an affidavit from Edwin C. Muller, the EEO Program Manager at the VA, stating that information regarding the filing deadline was posted on fliers in the facility in which Stallworth worked, that Stallworth had attended a training session that contained information on the filing deadline, and that on the same day that Stallworth had contacted the VA police, Kathryn Rath, an EEO Specialist, had emailed Stallworth and informed her of the filing deadline. D. 38-1 at 2-3. Attached to Muller's affidavit are several documents, including a purported copy of an email from Rath to Stallworth. D. 38-1 at 36.

The Court, however, in considering a motion to dismiss, should consider "the complaint, documents annexed to it, [] other materials fairly incorporated within it," and "matters that are susceptible to judicial notice." Rodi v. Southern New England School of Law, 389 F.3d 5, 12 (1st Cir. 2004). The affidavit from Muller, and the accompanying attachments, are not part of the complaint, annexed to it, or fairly incorporated within it, because the complaint does not reference any posted materials, trainings, or emails. Nor is this material properly subject to judicial notice.

Without considering these proffered materials, the facts as alleged in the complaint suffice to state a case for equitable tolling. Stallworth alleges that she did not have actual knowledge of the filing deadline and that her employer misled her regarding the requirement to initiate contact with an EEO representative. D. 4 ¶¶ 37-41, 47. Nothing alleged in the complaint indicates that Stallworth did not diligently pursue her claim as soon as she was aware of her rights and the Defendants make no argument that equitable tolling would prejudice them in some way. Accordingly, the Court DENIES the motion to dismiss as to Count 1.

### B. Retaliation Title VII Claim (Count 2)

The Defendants move to dismiss Count 2 on the grounds that Stallworth did not initiate timely contact with an EEO counselor, but that argument fails for the reasons explained above.

The Defendants also move to dismiss Count 2 on the ground that Stallworth failed to exhaust her administrative remedies as required by Title VII. D. 28 at 6. "[I]n a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005). "Exhaustion has two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency." Id. Like the requirement to contact an EEO counselor, however, "an employee's failure to follow the administrative route to its due completion does not automatically doom a Title VII claim" but is rather "subject to a host of equitable exceptions," including where a claimant

6

"misses a filing deadline because of circumstances effectively beyond her control (such as when her employer actively misleads her, and she relied on that misconduct to her detriment)." Id. at 565. For the same reasons that Stallworth has pled facts sufficient to state a claim for equitable estoppel, Stallworth has pled facts sufficient to state a claim for an equitable exception to the administrative exhaustion requirement under Title VII.

Finally, the Defendants contend that Count 2 should be dismissed as against Sheehan, because under Title VII, the agency head is the only proper defendant and Sheehan was never the agency head. D. 28 at 7; see Soto v. U.S. Postal Serv., 905 F.2d 537, 539 (1st Cir. 1990). Stallworth does not contest this argument. D. 33 at 6-8. Moreover, at the hearing, Stallworth agreed that this Count should be dismissed as to Sheehan. D. 45. Count 2 is thus dismissed as against Sheehan.

### C.  1981 Claim (Count 3)

The Defendants contend that Stallworth's claim under 42 U.S.C. § 1981 is preempted by Title VII and should be dismissed. D. 28 at 7; see Rivera-Rosario v. U.S. Dep't of Agric., 151 F.3d 34, 38 (1st Cir. 1998). Stallworth does not contest this argument, and moreover, at the hearing, D. 45, Stallworth agreed that this count should be dismissed. Count 3 is thus dismissed.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS the Defendants' motion, D. 27, with respect to Count 3 and Count 2 as against Defendant Sheehan, and DENIES the Defendants' motion in all other respects.

At the motion hearing, D. 45, the Defendants urged the Court to convert the motion to dismiss into a motion for a summary judgment with respect to the equitable tolling issue, which the Court is permitted to do under Rule 12(d) provided it gives all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Court

7

concludes, however, that discovery, at least as to the issue of equitable tolling, is warranted before entertaining such a summary judgment motion. Thus, the Court declines to convert this motion to dismiss into a motion for summary judgment.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge